### PASH v. WESTON.

1. **Sale: CONDITIONAL: NOTICE.** A bill of sale, executed and recorded by the seller two months after the actual sale and delivery of possession of the property, was held not to impart constructive notice, to a purchaser from the person having possession, of the conditions upon which the sale was made.

*Appeal from Butler Circuit Court.*

SATURDAY, DECEMBER 13.

ACTION in replevin to obtain possession of a seeder alleged to be worth $21. The petition avers that the plaintiff is the

absolute owner of the seeder by purchase. The defendant does not deny the ownership, but avers that he is the agent of the Harris Manufacturing Company; that as such agent he took possession of the seeder; that said company has a vendor's lien upon it; that the lien was duly filed of record, and that the plaintiff had notice thereof by the filing. The defendant sets out a copy of the note which he avers was given for the purchase money, which shows a conditional sale of the seeder to one Montgomery, March 15, 1878, and declares that, in default of payment, the Harris Manufacturing Company may take possession of the machine. He sets out a copy of the so-called lien as Exhibit A, which purports to be a bill of sale of the seeder to Montgomery, executed May 7, 1878, and providing that the title to the seeder should remain in the vendor until it should be paid for. The defendant avers that it is not paid for; that he, as the agent of the Harris Manufacturing Company, is entitled to possession by virtue of his seizure and under the lien as set out, and denies all right of possession in the plaintiff.

The plaintiff demurred to the answer upon the ground that the instrument relied upon as constituting the lien is not the sale, contract or lease originally made between the parties.

The court overruled the demurrer and rendered judgment for the defendant. The plaintiff appeals.

*J. H. Scales* and *J. W. Gilger*, for appellant.

*Soesbe Bros.*, for appellee.

ADAMS, J.—The certificate of appeal contains the following questions: "1. Whether the instrument set out in the defend-

1. SALE: when conditional: notice.

ant's answer as Exhibit 'A' is sufficient to meet the requirements of section 1922 of the Code, so as to impart notice to creditors or purchasers. 2. Whether the said instrument is sufficiently executed and acknowledged to impart notice to creditors and subsequent purchasers."

Section 1922 of the Code is in these words: "No sale, contract or lease wherein the transfer of title or ownership of personal property is made to depend upon any condition shall

be valid against any creditor or purchaser of the vendee or lessee in actual possession, obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages."

The meaning of this section doubtless is that where a sale, etc., is made of personal property, and the transfer of title is made to depend upon any condition, the condition shall not be valid against creditors, etc., unless the terms of the sale be expressed in writing, etc. In other words, creditors, etc., without actual notice of the condition, may claim that the title passed to the vendee unless the vendor gives constructive notice of the condition in the manner provided. The sale, we think, is to be regarded invalid in no sense except as a conditional sale, but is to be regarded invalid *as such* in the absence of notice, actual or constructive. So far we presume that there is no question. Now the defendant, acting as agent of the Harris Manufacturing Company in seizing the property, claims that the company did give constructive notice of the condition in the sale to Montgomery, and that the plaintiff, who derives title by subsequent purchase through Montgomery, is affected thereby.

In our opinion the position cannot be maintained. The instrument relied upon by the defendant was executed nearly two months after the sale had taken effect. There is neither averment nor proof that the instrument was ever delivered to Montgomery, nor did he ever sign it or become a party to it in any way. His title, whatever he had, was not derived through it, nor was he in possession in pursuance of it. It was wholly an *ex parte* paper, made after Montgomery's right had attached, and, for anything which the record shows, made after the plaintiff's right had attached. In our opinion the court erred in holding that it constituted constructive notice to the plaintiff.

It may be that the sale was in fact conditional (though there is no averment to that effect), and that the plaintiff had actual notice of the condition. If so he could not set up his title against the company. But no such question is presented.

The plaintiff avers that he is the absolute owner. This is not denied. The defendant merely claims the right of possession by virtue of a lien of which he alleges, in substance, the plaintiff had constructive notice.

Some other questions have been argued as incident to the one decided, but the view which we have taken of the case renders the consideration of them unnecessary.

REVERSED.